# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

)
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001    )     No. 03 MDL 1570 (RCC)
)     ECF Case
_____)

This document relates to:

     ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 02-CV-6977;

     BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No. 03-CV-5738;

     ESTATE OF O'NEILL, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-1923;

     SALVO, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 03-CV-5071; and

     TREMSKY, *et al.* v. OSAMA BIN LADEN, *et al.*, Case No. 02-CV-7300.


## REPLY BRIEF IN SUPPORT OF
## AL HARAMAIN ISLAMIC FOUNDATION, INC. (USA)'s
## AND PEROUZ SEDAGHATY'S
## CONSOLIDATED MOTIONS TO DISMISS
## THE PERSONAL INJURY COMPLAINTS


Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendants
 Al Haramain Islamic Foundation, Inc. (U.S.A.) and
 Perouz Sedaghaty


DATED:  May 9, 2005

# TABLE OF CONTENTS

I.    Introduction ........................................................................................................ 1

II.   Factual and Procedural Background ....................................................................... 2

III.  Plaintiffs' Allegations Are Insufficient to Establish a Cause of Action Against
      AHIF and Mr. Sedaghaty for Plaintiffs' Tort Claims Because Plaintiffs Have
      Failed to Plead Sufficient Facts Showing That Defendants' Acts Proximately
      Caused Plaintiffs' Injuries ......................................................................................... 2

IV.   Plaintiffs Cannot Use the Acts of Other "Al Haramain" Entities or Individuals to
      Impose Liability on AHIF and Mr. Sedaghaty, Since There Is No Basis to Allow
      Reverse Veil-Piercing by Ignoring AHIF's Corporate Form .................................. 5

V.    Plaintiffs' Allegations are Insufficient to Make Out Their Tort and Negligence
      Claims ................................................................................................................... 6

VI.   This Court Lacks Personal Jurisdiction over AHIF and Mr. Sedaghaty ................. 9

CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases:**

American Protein Corp. v. AB Volvo,
        844 F.2d 56 (2d Cir. 1988) ................................................................................   6

Bigio v. Coca-Cola Co.,
        239 F.3d 440 (2d Cir. 2001) .............................................................................   8

Burnett v. Al Baraka Invest. & Devel. Corp.,
        274 F. Supp. 2d 86 (D.D.C. 2003) ....................................................................   9

De Jesus v. Sears, Roebuck & Co.,
        87 F.3d 65 (2d Cir. 1996) ..................................................................................   4

East 65 Street Realty Corp. v. Rinzler,
        No. 98 Civ. 6555 (RCC), 2000 WL 303279 (S.D.N.Y. Mar. 22, 2000) ..............   1

*In re*: Terrorist Attacks on Sept. 11, 2001,
        349 F. Supp. 2d 765 (S.D.N.Y. 2005) ........................................................... *passim*

IUE AFL-CIO Pension Fund v. Herrmann,
        9 F.3d 1049 (2d Cir. 1993) ................................................................................  10

Jones v. R.R. Donnelly & Sons,
        124 S. Ct. 1836 (2004) ......................................................................................   7

Louisiana Land & Exploration Co. v. Unocal Corp.,
        863 F. Supp. 306 (E.D. La. 1994) .....................................................................   7

Murray v. Miner,
        74 F.3d 402 (2d Cir. 1996) ................................................................................   5

Nix v. Hoke,
        62 F. Supp. 2d 110 (D.D.C. 1999) ....................................................................  10

Pelman v. McDonald's Corp.,
        396 F.3d 508 (2d Cir. 2004) ..............................................................................   4

Phelps v. Kapnolas,
        308 F.3d 180 (2d Cir. 2002) (per curiam) .........................................................   4

Sosa v. Alvarez-Machain,
    124 S. Ct. 2739 (2004) ........................................................................... 8

Swierkiewicz v. Sorema N.A.,
    534 U.S. 506 (2002) ............................................................................. 3

United States v. Bestfoods,
    524 U.S. 51 (1998) ............................................................................... 6

Wright v. Ernst & Young, LLP,
    152 F.3d 169 (2d Cir. 1998) .............................................................. 2

**Statutes and Rules:**

Alien Tort Claims Act, 28 U.S.C. § 1350 ....................................................... 7

Anti-Terrorism Act, 18 U.S.C. § 2331, et seq. ............................................... 7-8

Torture Victim Protection Act, 28 U.S.C. § 1350 note ................................... 6

Federal Rules of Civil Procedure:

    Rule 4(k)(1)(D) ...................................................................... 9-10

    Rule 12(b)(2) ............................................................................ 1

    Rule 12(b)(6) ............................................................................ 1

I.   **INTRODUCTION.**

The Al Haramain Islamic Foundation, Inc. (USA) ("AHIF"), an Oregon non-profit charity, and Perouz Sedaghaty, an officer of AHIF, were named as defendants in several of the personal injury complaints before this Court – *Ashton, Burnett, O'Neill, Salvo,* and *Tremsky* – on little more than a bare allegation that they are "one and the same" as a Saudi charity, the al-Haramain Islamic Foundation ("al-Haramain (SA)"), and that charity's overseas affiliates. AHIF and Mr. Sedaghaty moved to dismiss these personal injury complaints, pursuant to Rules 12(b)(6) and 12(b)(2), Fed. R. Civ. P., for failure to state a claim and for lack of personal jurisdiction.  See AHIF Motion to Dismiss (Feb. 7, 2005) (Docket No. 654); Sedaghaty Motion to Dismiss (Feb. 7, 2005) (Docket No. 655) (Mr. Sedaghaty is not a defendant in *O'Neill*).

In response, the *Burnett* plaintiffs abandoned their RICO claims against AHIF and Mr. Sedaghaty.  See Plaintiffs' Opp. at 11 n.7 (Apr. 8, 2005) (Docket No. 809).  The *O'Neill* plaintiffs filed a separate opposition with respect to their RICO claims against AHIF, see *O'Neill* Opp. (Apr. 8, 2005) (Docket No. 810), to which AHIF has filed a separate reply brief.

The *Tremsky* class action plaintiffs did not sign on to the other plaintiffs' opposition, see Plaintiffs' Opp. at 19, which did not discuss the *Tremsky* complaint's allegations or claims.  The *Tremsky* plaintiffs did not file their own opposition, have not filed a RICO statement against AHIF, Mr. Sedaghaty, or any other defendant, and evidently have abandoned their claims against AHIF and Mr. Sedaghaty.  This is sufficient grounds for this Court to dismiss the *Tremsky* plaintiffs' claims against AHIF and Mr. Sedaghaty.  See East 65 Street Realty Corp. v. Rinzler, No. 98 Civ. 6555 (RCC), 2000 WL 303279, at *2 (S.D.N.Y. Mar. 22, 2000) ("Therefore, failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion.  It is not necessary to reach the merits.") (collecting cases).

## II.    FACTUAL AND PROCEDURAL BACKGROUND.

The plaintiffs have attempted to amend their complaints by raising new allegations in their Opposition.  See Plaintiffs' Opp. at 16-17.  It is impermissible to amend a complaint through an opposition.  See Wright v. Ernst & Young, LLP, 152 F.3d 169, 178 (2d Cir. 1998); In re: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 818 (S.D.N.Y. 2005) (citing Wright).  If plaintiffs desire to add other allegations, they need leave to amend their complaints, and defendants will have the opportunity to move to dismiss the amended complaints.

Even if this Court were to consider plaintiffs' new allegations regarding AHIF and Mr. Sedaghaty, it must still find that those facts, when examined in context, fail to support plaintiffs' allegations that AHIF and Mr. Sedaghaty knowingly supported terrorism or engaged in terrorist acts.  See Soliman Al-Buthe's Motion to Dismiss (May 9, 2005), at 2-11 (Docket No. 892).  Instead, the facts underlying plaintiffs' new allegations, even if accepted as true, show nothing more than that AHIF and Mr. Sedaghaty participated in a relief project to provide humanitarian aid to the refugees from the Russian war in Chechnya – a project that was authorized at the highest levels of the Russian and Saudi governments themselves.  Id.  These facts, and plaintiffs' allegations thereto, fail to support any conclusion that any act by AHIF or Mr. Sedaghaty proximately caused plaintiffs' injuries.  See AHIF Mot. at 5-9; Sedaghaty Mot. at 5-9.

## III.    PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO ESTABLISH A CAUSE OF ACTION AGAINST AHIF AND MR. SEDAGHATY FOR PLAINTIFFS' TORT CLAIMS BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT FACTS SHOWING THAT DEFENDANTS' ACTS PROXIMATELY CAUSED THEIR INJURIES.

This Court must find that, absent any relationship between the plaintiffs, on the one hand, and AHIF and Mr. Sedaghaty, on the other hand, that the plaintiffs' failure to plead sufficient

facts showing that these two defendants' acts proximately caused plaintiffs' injuries requires dismissal of their claims. Although plaintiffs make the conclusory allegation that AHIF's acts "was a proximate cause" of their injuries, see Plaintiffs' Opp. at 8, they fail to discuss the legal standards governing proximate causation, thereby conceding AHIF's and Sedaghaty's arguments on that issue. See AHIF Mot. at 5-9; Sedaghaty Mot. at 5-9.

Instead, plaintiffs divert this Court's attention by citing three decisions where proximate causation was not at issue in the pleading stage, because there was a direct, ongoing relationship between plaintiff and the defendant. See Plaintiffs' Opp. at 4-6. In fact, the standard for causation set forth in these decisions supports AHIF's and Mr. Sedaghaty's position, because there is no direct link between their acts and plaintiffs' injuries, as existed in the decisions cited by plaintiffs. Instead, plaintiffs in this case have made no attempt to plead proximate causation.

Plaintiffs' reliance on Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), is misplaced, as that case involved age and national origin discrimination claims brought by an employee against his employer. In Swierkiewicz, the existence of an employment relationship meant that the plaintiff's complaint "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination," thereby putting the employer on notice as to the specific facts underlying the plaintiff's claims. Id. at 514. Here, in contrast, the plaintiffs have pled no specific facts showing how AHIF's and Mr. Sedaghaty's acts proximately caused their injuries. Instead, plaintiffs have thrown up a smokescreen of conclusory allegations about all of the "Al Haramain" defendants in an attempt to impose liability on AHIF and Mr. Sedaghaty. See In re Sept. 11, 349 F. Supp. 2d at 833 ("A complaint which consists of conclusory allegations unsupported by factual assertions

fails even on the liberal standard of Rule 12(b)(6).") (quoting <u>De Jesus v. Sears, Roebuck & Co.</u>, 87 F.3d 65, 70 (2d Cir. 1996)) (granting motion to dismiss).

Plaintiffs' reliance on the Second Circuit's <u>Phelps</u> decision is similarly misplaced. <u>Phelps</u> involved a custodial relationship between a prisoner and a warden, which is, if anything, more tightly linked than an employment relationship.  <u>Phelps v. Kapnolas</u>, 308 F.3d 180 (2d Cir. 2002) (<u>per</u> <u>curiam</u>).  Moreover, in <u>Phelps</u>, the Section 1983 plaintiff specifically alleged that, as a disciplinary measure, the warden placed him on a restricted diet, which proximately caused the plaintiff's nutritional deficiencies.  <u>Id.</u> at 187 & n.6 ("it is obvious that he has a right to be free of inhumane conditions of imprisonment, and he has stated who allegedly violated that right, when, by what means, and how the violation harmed him").  Here, in contrast, the plaintiffs have not pled facts showing that any acts of AHIF and Mr. Sedaghaty proximately caused their injuries.

The Second Circuit's <u>Pelman</u> case is also not applicable, as that case arose from a business-customer relationship, where the class action plaintiffs alleged that they ate at McDonald's restaurants several times a week over a fifteen-year period, while McDonald's was making deceptive advertising claims regarding the healthy nature of its foods, so that plaintiffs pled that they suffered health problems from eating at McDonald's.  <u>Pelman v. McDonald's Corp.</u>, 396 F.3d 508, 509-10 (2d Cir. 2004).  The Second Circuit allowed the <u>Pelman</u> plaintiffs' claim to go forward because plaintiffs did not have to plead facts to show whether other factors may have contributed to their injuries, such as plaintiffs' diet as a whole, plaintiffs' exercise habits, and plaintiffs' family medical histories, as those matters went to contributory negligence. <u>Id.</u> at 511-12.  Here, in contrast, the plaintiffs failed to plead any facts, let alone sufficient facts, showing that AHIF's and Mr. Sedaghaty's acts proximately caused their injuries.

4

**IV.    PLAINTIFFS CANNOT USE THE ACTS OF OTHER "AL HARAMAIN"
ENTITIES OR INDIVIDUALS TO IMPOSE LIABILITY ON AHIF AND
MR. SEDAGHATY, SINCE THERE IS NO BASIS TO ALLOW REVERSE
VEIL-PIERCING BY IGNORING AHIF'S CORPORATE FORM.**

This Court should find that the plaintiffs are improperly attempting to impose liability on

AHIF and Mr. Sedaghaty on the basis of acts that they allege were taken by <u>other</u> individuals and

entities under the "Al Haramain" rubric.  This Court should not condone the plaintiffs' cavalier

disregard of AHIF's corporate form, and should find that plaintiffs have failed to satisfy the

criteria for justifying reverse veil-piercing of AHIF, a separate corporate entity, based on the

alleged acts of any other "Al Haramain" defendant.

As a threshold matter, the plaintiffs have impermissibly lumped together all the "Al

Haramain" defendants into a single set of conclusory allegations, which fails to provide AHIF or

Mr. Sedaghaty with proper notice of exactly which acts are the basis for imposing liability on

them.  Indeed, the plaintiffs fail to respond to AHIF's and Mr. Sedaghaty's legal arguments

regarding the standard for imposing liability on a corporation or corporate officer for acts taken

by other defendants in a corporate group, thereby conceding this argument.  <u>See</u> AHIF Mot. at 8-

9; Sedaghaty Mot. at 8-9; <u>see also</u> <u>Murray v. Miner</u>, 74 F.3d 402, 404 (2d Cir. 1996) ("a

corporate entity is liable for the acts of a separate, related entity only under extraordinary

circumstances, commonly referred to as piercing the corporate veil").

Most of plaintiffs' allegations are about al-Haramain (SA).  Plaintiffs fail to inform this

Court that al-Haramain (SA) was never designated as a terrorist group by the U.S. government,

which certainly would have happened if there were evidence to do so.  Thus, plaintiffs' attempt

to plead AHIF's liability by linking AHIF to al-Haramain (SA) proves nothing.

Plaintiffs' arguments regarding the former interlocking directorates of AHIF and

al-Haramain (SA) are meritless under controlling precedent.  See United States v. Bestfoods, 524

U.S. 51, 70 (1998) ("it cannot be enough to establish liability here that dual officers and directors

made policy decisions and supervised activities at the facility"); American Protein Corp. v. AB

Volvo, 844 F.2d 56, 60 (2d Cir. 1988) (holding that "interlocking directorates" are a

"commonplace circumstance of modern business [that] does not furnish such proof of control as

will permit a court to pierce the corporate veil"); see also AHIF's Reply Brief (O'Neill), at 8-9

(May 9, 2005) (Docket No. 890).  This Court should find that, even accepting as true plaintiffs'

allegations regarding other "Al Haramain" entities, plaintiffs still have not pled sufficient facts

showing that AHIF and Mr. Sedaghaty themselves proximately caused plaintiffs' injuries.

## V.    PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO MAKE OUT THEIR TORT AND NEGLIGENCE CLAIMS.

This Court should find that plaintiffs' allegations about AHIF and Mr. Sedaghaty are

insufficient to make out their tort and negligence claims against these two defendants, as set

forth below, and in the defendants' motions to dismiss.

(1)    This Court's ruling that claims under the Torture Victim Protection Act

("TVPA") can only be brought against individuals precludes plaintiffs' TVPA claim against

AHIF.  See In re Sept 11, 349 F. Supp. 2d at 828.  This Court's ruling that TVPA claims against

individuals requires state action, or acting under color of law, precludes plaintiffs' TVPA claim

against Mr. Sedaghaty.  Id.  Plaintiffs offered no further argument on the former point, other than

to "refer this Court to prior briefing on these issues."  See Plaintiffs' Opp. at 11 n.7.  Plaintiffs

have never responded to Mr. Sedaghaty's argument regarding TVPA claims against individuals

who are not state actors, thereby conceding that they cannot state a TVPA claim against him.

(2)    The statute of limitations precludes the Salvo plaintiffs' assault and battery claim,

6

and the *Burnett* and *O'Neill* plaintiffs' intentional infliction of emotional distress claims, since those claims were filed more than one year after plaintiffs' injuries.  See AHIF Mot. at 9-10; Sedaghaty Mot. at 9-10.  In response to this limitations bar, plaintiffs make two arguments, both unavailing.  First, they argue that their state-law claims "are subsumed within plaintiffs' claims under the Anti-Terrorism Act," and so that state "statutes of limitations are inapplicable to federal common law claims."  See Plaintiffs' Opp. at 13, 14.  To support this novel argument, plaintiffs misrepresent the two decisions, including one of the U.S. Supreme Court.  Plaintiffs' cite to Jones v. R.R. Donnelly & Sons, 124 S. Ct. 1836 (2004), is entirely inapposite because Jones involved a Section 1981 race discrimination claim, and the question was whether the federal or state catch-all statute of limitations should apply to this federal claim.  Plaintiffs' citation to Louisiana Land & Exploration Co. v. Unocal Corp., 863 F. Supp. 306, 309 (E.D. La. 1994), is equally misleading since that case involved a counterclaim seeking equitable relief to enforce rights created under a federal statute, not state law claims.  Counsel for defendants was unable to find any cases that supported the breathtaking proposition that plaintiffs assert, i.e., that when federal and state law claims are brought for a single injury, that the longer federal statute of limitations applies to the state law claims with shorter statutes of limitations.

Second, plaintiffs argue that defendants' conduct was concealed as part of a conspiracy, so that the "statute of limitations was tolled until plaintiffs reasonably should have become aware of AHIF's or Sedaghaty's involvement with the conspiracy."  See Plaintiffs' Opp. at 14. However, plaintiffs fail to explain why the *Burnett* plaintiffs themselves (in the District of Columbia), along with *Ashton*, filed their complaints against AHIF and Mr. Sedaghaty within one year of September 11, 2001, but the *Burnett, O'Neill*, and *Salvo* plaintiffs could not file their

New York lawsuits in that same time period.  Since the *Burnett* plaintiffs are represented by the same counsel in both actions, and the *O'Neill* and *Salvo* plaintiffs' complaints are largely copy-cat lawsuits, there is no reason why these plaintiffs could have filed their New York lawsuits in a timely manner.  Any delay was caused by plaintiffs' counsels' inaction, not defendants' actions.

(3)     The plaintiffs have offered no basis for imposing liability on AHIF and Mr. Sedaghaty under the Alien Tort Claims Act (ATCA).  Plaintiffs' reliance on <u>Sosa v. Alvarez-Machain</u>, 124 S. Ct. 2739 (2004) for the proposition that state action is not required for ATCA claims is misplaced, since there was no dispute that the defendant (Sosa) was acting under the color of law, as he was hired by the U.S. Drug Enforcement Administration, so state action was not at issue.  <u>Id.</u> at 2768.  Plaintiffs still have not pled facts sufficient to show that AHIF and Mr. Sedaghaty themselves engaged in the requisite "certain forms of conduct" that would allow imposition of liability under the ATCA on private actors.  <u>Bigio v. Coca-Cola Co.</u>, 239 F.3d 440, 447 (2d Cir. 2001).  As discussed *supra*, plaintiffs' allegations about the "Al Haramain" defendants fail to plead facts sufficient to show that AHIF and Mr. Sedaghaty themselves engaged in or supported "hijacking of aircraft" or "certain acts of terrorism."  <u>Id.</u> at 448.

(4)     Plaintiffs still have not pled facts sufficient to show that AHIF and Mr. Sedaghaty themselves engaged in acts of international terrorism, or otherwise knowingly supported terrorists whose acts caused plaintiffs' injuries, as required to support a finding of liability under the Anti-Terrorism Act, 18 U.S.C. § 2331 <u>et seq.</u> ("ATA").  <u>See</u> AHIF Mot. at 5-8, 10; Sedaghaty Mot. at 5-9, 10.  Plaintiffs' conclusory allegations in support of their ATA claims, <u>see</u> Plaintiffs' Opp. at 7-11, are based entirely on their impermissible lumping of AHIF and Mr. Sedaghaty with other "Al Haramain" defendants, but without identifying acts that these two

8

defendants themselves participated in or did.  See Parts III-IV, *supra*.

(5)     Plaintiffs' remaining common-law claims similarly fail because plaintiffs have not pled the causal connection between AHIF's and Mr. Sedaghaty's acts and their injuries.  Id.; see also AHIF Mot. at 11-12 (collecting cases).

(6)     Plaintiffs now claim that the fact that New York law does not recognize claims for punitive damages and conspiracy is a mere "technicality of New York law."  See Plaintiffs' Opp. at 15.  This Court should not condone plaintiffs' disregard of New York common law, developed by the New York state courts over many years, under which punitive damages and conspiracy are not claims for which relief can be sought.  See AHIF Mot. at 17-18 (collecting cases).

(7)     Judge Robertson's ruling that negligence claims cannot be brought against charity defendants, because charities do not owe any duty to the general public, is correct under New York law, which requires the existence of a duty to state a negligence claim.  *In re* Sept. 11, 349 F. Supp. 2d at 830; Burnett v. Al Baraka Invest. & Devel. Corp., 274 F. Supp. 2d 86, 108-09 (D.D.C. 2003); see also AHIF Mot. at 16-17 (collecting cases).

Therefore, this Court should find that plaintiffs have failed to plead facts sufficient to state their tort and negligence claims against AHIF and Mr. Sedaghaty.

## VI.     THIS COURT LACKS PERSONAL JURISDICTION OVER AHIF AND MR. SEDAGHATY.

AHIF and Mr. Sedaghaty argued that personal jurisdiction in this Court was improper under either Rule 4(k)(1)(D), Fed. R. Civ. P., or the New York long-arm statute.  See AHIF Mot. at 18-22; Sedaghaty Mot. at 17-23.  Plaintiffs have not responded to defendants' arguments regarding the New York long-arm statute, thereby conceding that personal jurisdiction cannot be

exercised by that provision.

Plaintiffs' argument under Rule 4(k)(1)(D) is based entirely on their assertion that they have stated a claim against AHIF and Mr. Sedaghaty under the ATA, which has a nationwide service of process provision.  See Plaintiffs' Opp. at 17-18.  However, plaintiffs have failed to state a claim under the ATA against these two defendants, because plaintiffs have not pled facts showing that AHIF and Mr. Sedaghaty proximately caused plaintiffs' injuries.  See Parts III and V(4), *supra*.  Hence, plaintiffs cannot rely on the ATA's service provision to establish personal jurisdiction.  Nix v. Hoke, 62 F. Supp. 2d 110, 115 (D.D.C. 1999) (failure to plead a valid substantive claim precludes the exercise of personal jurisdiction under a nationwide jurisdictional statute).  Plaintiffs' quotation from IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1055 (2d Cir. 1993) for the proposition that "dismissal for lack of jurisdiction" is not warranted "even if plaintiffs do not state a claim under the ATA," see Plaintiffs' Opp. at 18, misrepresents that decision.  The language quoted by plaintiffs was taken from the Court's discussion of whether subject matter jurisdiction existed, in response to that defendants' Rule 12(b)(1) motion to dismiss.  Here, in contrast, AHIF and Mr. Sedaghaty have not moved to dismiss for lack of subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, and those set forth in their motions to dismiss, defendants AHIF and Perouz Sedaghaty respectfully request that this Court grant their Motions to Dismiss for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction.

Respectfully submitted,


/s/ Lynne Bernabei
_____
Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendants
  Al Haramain Islamic Foundation, Inc. (U.S.A.)
  and Perouz Sedaghaty

DATED:  May 9, 2005

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).


/s/ Alan R. Kabat

_____

Alan R. Kabat