**WIGGINS CHILDS PANTAZIS FISHER GOLDFARB PLLC**
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
1211 CONNECTICUT AVENUE, N.W. · SUITE 420 · WASHINGTON, D.C. 20036

Direct Dial: 202−467−4489 · Fax: 205−314−0805
Email: TFleming@wigginschilds.com · Web: www.wigginschilds.com

TIMOTHY B. FLEMING
OF COUNSEL

December 9, 2021

*Via ECF*

| | |
|---|---|
| The Honorable George B. Daniels | The Honorable Sarah Netburn |
| UNITED STATES DISTRICT JUDGE | UNITED STATES MAGISTRATE JUDGE |
| UNITED STATES DISTRICT COURT | UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK | SOUTHERN DISTRICT OF NEW YORK |
| Daniel P. Moynihan U.S. Courthouse | Thurgood Marshall U.S. Courthouse |
| 500 Pearl Street | 40 Foley Square |
| New York, NY 10007-1312 | New York, NY 10007-1312 |

Re: *Havlish, et al. v. bin Laden, et al.*, **1:03-cv-9848 (GBD)(SN)**
**Letter Motion Requesting Extension of Writ of Execution**

Dear Judge Daniels and Magistrate Judge Netburn:

    I write on behalf of the Havlish Judgment Holders, pursuant to Local Rule 7.1(d), to request that the Court extend the Havlish writ of execution previously served upon the Federal Reserve Bank of New York from the statutory period of ninety (90) days after service of the writ to eighty-three (83) days after the Court lifts its September 20, 2021 Order staying enforcement of the Havlish writ.

Background

    On October 16, 2012, this Court entered a final, enforceable money judgment in favor of the Havlish Judgment Holders and against the Taliban and other states, entities, and individuals who were legally liable for the deaths, and resulting damages, caused by September 11, 2001 terrorist attacks ("Havlish Judgment"). The Havlish Plaintiffs have been actively working to enforce their judgment in proceedings around the world. To their knowledge, only one other group of plaintiffs has a final, enforceable, money judgment against the Taliban ("Doe Judgment Holders"). *See* ECF No. 1, Clerk's Certification of Judgment to Be Registered in Another District, *Does 1 through 7 v. Taliban*, Case No. 20-mc-00740 (KPF)(SN)(S.D.N.Y.). No other plaintiffs have the standing or legal authority to enforce a judgment against assets belonging to the Taliban.

    As extensively reported in the United States and around the world, the United States withdrew from Afghanistan this past summer following a military presence of two decades. In the midst of this withdrawal, in mid-August 2021, the Taliban took control of Kabul and with it, the government of Afghanistan. Within a short time, the Taliban controlled the entire country. All of the prior leadership abdicated, disbanded, and/or fled Afghanistan. No one, other than the Taliban, claims any right to govern the country and no other group appears poised to displace, or appears to be otherwise capable of displacing, the Taliban as the governing authority of Afghanistan. By August 23, 2021, the Taliban also took control of Da Afghanistan Bank, the

| | |
|---|---|
| The Honorable George B. Daniels<br>UNITED STATES DISTRICT JUDGE<br>December 9, 2021 | The Honorable Sarah Netburn<br>UNITED STATES MAGISTRATE JUDGE<br>Page 2 |

central bank of Afghanistan. Consequently, since that time, the Taliban has continuously and uniquely claimed that it is entitled to own, possess, or control assets belonging to the government of Afghanistan, including Afghan government assets held throughout the world. *E.g.*, "Just give us our Money": Taliban push to unlock Afghan billions abroad, Reuters, October 29, 2021, a copy of which is attached as Exhibit A.

As was also widely reported in August, the Federal Reserve Bank of New York held approximately $7 to $7.5 billion in assets belonging to Afghanistan, which the Taliban claims to own or control. See *e.g.*, "U.S. and I.M.F. apply a financial squeeze on the Taliban," NEW YORK TIMES, August 18, 2021 (copy attached as Exhibit B); "U.S. won't let Taliban access Afghanistan's financial assets in America, CNBC, August 18, 2021 (copy attached as Exhibit C). On August 25, 2021, the Havlish Judgment Holders served the Federal Reserve Bank of New York with a Restraining Notice with regard to such funds pursuant to NY CPLR 5222. Two days later, August 27, 2021, the Havlish Judgment Holders obtained a writ of execution for these Taliban assets held by the Federal Reserve Bank of New York and delivered the writ to the U.S. Marshals Service the same day. *Havlish* Docket Entry Dated August 27, 2021. The Marshals levied the assets held by the Federal Reserve Bank of New York by serving the Havlish writ of execution on September 13, 2021. *Havlish* Doc. No. 526. On September 16, 2021, the United States appeared in the Havlish judgment enforcement proceeding, indicated that it was considering filing a Statement of Interest and asked the Court to stay the Havlish enforcement proceeding pending its decision. *Id*.

On September 20, 2021, the Court granted the United States' request and stayed "any judicial enforcement of the Havlish writ of execution . . . pending further order of the Court." *Havlish* Doc. No. 527. The United States' Statement of Interest is now due on January 28, 2022. *Havlish* Doc. No. 549.

Extension of the Havlish Writ of Execution

NY CPLR 5232(a) governs the procedures for perfecting levies by writ of execution. It provides that judgment creditors who levy assets by writ of execution must either commence a turnover action or request from the court an extension of the writ within ninety days of serving it. *E.g.*, *Wordie v. Chase Manhattan Bank, S.A.*, 140 A.D.2d 435, 436, 529 N.Y.S.2d 1, 2 (N.Y. App. Div. 1988). The Havlish writ of execution was served on the Federal Reserve Bank of New York on September 13, 2021. Therefore, the ninety-day period for either filing a turnover action or requesting an extension of the writ expires on or about December 11, 2021. The Havlish Judgment Holders would like to commence a turnover action but have been precluded from doing so by the Court's September 20, 2021 stay.[1]

---

[1] Once the stay is lifted, the Havlish Judgment Holders will file a complaint to perfect their levy and compel turnover of assets equivalent to the then-present value of their judgment in accordance with NY CPLR 5232(a), NY CPLR 5225(b), and NY CPLR 5227. The complaint will create an enforcement proceeding distinct from the current proceeding before this Court. We expect the new Havlish enforcement proceeding will be consolidated with a similar enforcement proceeding to be commenced by the Doe Judgment Holders.

| | |
|---|---|
| The Honorable George B. Daniels | The Honorable Sarah Netburn |
| UNITED STATES DISTRICT JUDGE | UNITED STATES MAGISTRATE JUDGE |
| December 9, 2021 | Page 3 |

      While the Court's stay could be construed to toll the ninety-day period for commencing the Havlish Judgment Holders' turnover action, it does not expressly do so.  Consequently, to avoid any doubt that their writ of execution is still in force, the Havlish Judgment Holders ask the Court expressly to extend their writ pursuant to the authority granted by NY CPLR 5232(a) and NY CPLR 5240, which authorizes courts to modify any enforcement procedure.  *E.g.*, *Kitson & Kitson v. City of Yonkers*, 10 A.D.3d 21, 26, 778 N.Y.S.2d 503, 507 (2004); *SEC v. Pentagon Capital Management PLC*, 2013 WL 5815374 at *3 (S.D.N.Y. Oct. 29, 2013) (CPLR 5240 is "an omnibus section empowering the court to exercise broad powers over the use of enforcement procedures.").  Because the Court's stay will remain in effect at least until the United States makes a determination regarding a Statement of Interest, the Havlish Judgment Holders ask the Court to extend their writ until eighty-three (83) days after the Court lifts the stay.  The eighty-three (83) days requested by the Havlish Judgment Holders recognizes and accounts for the seven (7) days that elapsed between service of the writ and entry of the stay and would return to the Havlish Judgment Holders the full ninety (90) days afforded them by NY CPLR 5232(a).

      The Doe Judgment Holders faced a similar issue in their proceeding before Judge Failla to enforce their judgment against the same assets at the Federal Reserve Bank of New York.  Like this Court, Judge Failla had also stayed the Doe Judgment Holders' enforcement proceeding at the request of the United States.  *Doe* Docket No. 19.  Accordingly, the Doe Judgment Holders requested, and Judge Failla granted, an extension of their writ.  *Doe* Doc. No. 41.  We respectfully request that this Court do the same here.

      Respectfully,

Timothy B. Fleming
Counsel to Havlish Judgment Holders