1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER&BLOCK LLP

February 10, 2022

<u>VIA ECF</u>

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001,* **No. 03-md-1570 (GBD) (SN)**
      *Havlish, et al., v. Bin-Laden, et al.*, **No. 03-cv-9848 (GBD) (SN)**
      <u>**Letter Motion to Modify MDL Case Management Docketing Order**</u>

Dear Judge Daniels and Magistrate Judge Netburn:

We represent Judgment Creditors Fiona Havlish, *et al.* (the "Havlish Creditors") in the above-referenced matter. Following consultation with the plaintiffs in *John Does 1 through 7 v. The Taliban*, Case No. 20-mc-740 (KPF) (SN) (the "Doe Creditors"),[1] we submit this letter motion to respectfully request the Court modify its October 14, 2015 case management order requiring all filings to be made on the MDL docket. *See* MDL Dkt. 3070. The Havlish Creditors ask the Court to order that filings pertaining to their enforcement proceedings relating to assets held by Da Afghanistan Bank ("DAB") at the Federal Reserve Bank of New York ("FRBNY") be filed only on the Havlish Creditors' individual case docket, *Havlish, et al. v. Bin-Laden, et al.*, No. 03-CV-9848. The requested modification will permit the enforcement proceeding to proceed more effectively and efficiently in conformity with New York law governing the enforcement of judgments. As explained further below, we plan to seek the consolidation of pending turnover proceedings of the Havlish Creditors and the Doe Creditors. Unlike other stages of the 9/11 MDL proceedings, which have benefited from a centralized docket, a consolidated *Havlish* and *Doe* turnover proceeding will be more efficiently and effectively administered as a standalone matter.

As Your Honors are aware, in October 2012, the Havlish Creditors obtained a final money judgment against the Taliban and other entities responsible for the 9/11 attacks. *See* MDL Dkt. 2624. The Havlish Creditors have in recent months sought to enforce their judgment by way of a writ of execution on accounts at FRBNY held by DAB. Although the United States Marshal levied

---

[1] The Doe Creditors have a final money judgment against the Taliban for a 2016 terrorist attack against U.S. citizens in Afghanistan.

February 10, 2022
Page 2

Da Afghanistan Bank's accounts at the FRBNY on September 13, 2021, enforcement of the writ has been stayed pending the United States' forthcoming Statement of Interest, currently due tomorrow, February 11, 2022. *See* MDL Dkt. 7631.

The Doe Creditors have also levied Da Afghanistan's accounts at the FRBNY, and a similar stay of enforcement pending the United States' Statement of Interest was entered in separate proceedings commenced by the Doe Creditors. *See Does 1 through 7*, Case No. 20-mc-740 (KPF) (SN) ("Doe Dkt."), Dkts. 19, 32. The Doe Creditors are not, and cannot be, part of the MDL proceedings. Upon the filing of the United States' Statement of Interest, the Havlish Creditors intend to immediately ask the Court to lift the stay of enforcement so that they may file a motion seeking an order compelling FRBNY to turn over a portion of the DAB assets.

The Havlish Creditors' and Doe Creditors' enforcement proceedings involve the same questions of law and fact. Both seek to enforce their judgments against the same DAB assets at the FRBNY, and the United States has previously stated that its Statement of Interest "will apply identically in both matters." MDL Dkt. 7268 ("Oct. 14 Letter") at 2; Doe Dkt. 29. Therefore, to promote judicial efficiency and to avoid the potential for conflicting decisions, the Havlish Creditors and Doe Creditors intend to ask the Court to consolidate their two enforcement proceedings into the Havlish Creditors' earlier-filed case, No. 03-cv-9848.

On October 14, 2021, the United States stated that it would not object to the consolidation of the two enforcement proceedings, noting the "risk of conflicting orders and substantial duplication of effort by the parties and the Court." *See* Oct. 14 Letter at 2. Although Judge Failla, after consultation with Judge Netburn, previously deferred action on the consolidation request of the United States, *see* Doe Dkt. 32, the two enforcement proceedings will now move from prefatory matters relating to the filing of the Government's Statement of Interest to substantive issues concerning the execution of the Havlish Creditors' and Doe Creditors' writs. If, as expected, the United States files its Statement of Interest tomorrow, it will be most efficient to consolidate the two enforcement proceedings.

The procedures governing the enforcement of judgments under New York law also make clear that it is appropriate to administer the Havlish Creditors' turnover action in their individual case only. The procedure for enforcement of writs of execution is governed by Federal Rule of Civil Procedure 69(a)(1), which provides that proceedings on execution "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." In New York, C.P.L.R. Section 5225(b) sets out the procedure for enforcement of a judgment "against a third party who 'is in possession or custody of money or other personal property' in which the judgment debtor has an interest." *See CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468 (2d Cir. 2018) (quoting N.Y. C.P.L.R. § 5225(b)). Section 5225(b) authorizes a judgment creditor to commence a "special proceeding" to recover from a third-party garnishee. In Federal court, this special proceeding can be commenced in either of two ways. A judgment creditor can commence a special proceeding by filing a new civil action for turnover. Alternatively, the Second Circuit held in *CSX* that a judgment creditor may instead seek turnover of the assets by filing a motion in the underlying case, so long as the court has personal jurisdiction over the garnishee. *Id*. at 468-469.

February 10, 2022
Page 3

Given Your Honors' expertise and familiarity with this litigation, the Havlish Creditors, following the procedures approved by the Second Circuit in *CSX*, intend to move for turnover in their existing individual case rather than file a new, separate civil action. But under governing law, the Havlish Creditors' forthcoming motion for turnover is appropriately treated as equivalent to a new, separate civil action to enforce their judgment.

The issues that will be addressed in the Havlish Creditors' and Doe Creditors' turnover proceedings will not be common to the types of issues being more widely addressed in the MDL. The turnover issues will be specific to the Havlish Creditors and Doe Creditors. Therefore, the efficiency benefits previously realized from the Court's October 14, 2015 order directing that all parties in all MDL cases "file all documents under [the] MDL docket only" will not apply in consolidated turnover proceedings. MDL Dkt. 3070. In fact, greater order will be achieved by administering consolidated turnover proceedings separately.

No other party would be prejudiced by these steps. As it now stands, however, parties who have not obtained final money judgments against the Taliban and thus lack standing with respect to the DAB assets have nonetheless been able, solely by dint of the Havlish matter's inclusion on the MDL docket, to make filings pertaining to the Havlish Creditors' enforcement proceeding, the stay of execution, and the timeline by which the United States is heard. *See* MDL Dkts. 7395, 7397. Such participation by non-parties in consolidated enforcement proceedings would be inappropriate without evaluation by the Court as to the propriety of those parties' intervention pursuant to Section 5225(b).

In light of the foregoing, the Havlish Creditors respectfully request that the Court modify its October 14, 2015 case management order and order that filings pertaining to the pending enforcement proceedings should be submitted only on the Havlish Creditors' individual case docket, *Havlish, et al. v. Bin-Laden, et al.*, No. 03-cv-9848, for purposes of the forthcoming turnover proceedings.

Respectfully submitted,

/s/ Lee S. Wolosky
Lee S. Wolosky
JENNER AND BLOCK
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1628
lwolosky@jenner.com

Douglass A. Mitchell *(pro hac vice)*
JENNER AND BLOCK
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6090
dmitchell@jenner.com

February 10, 2022
Page 4

Timothy B. Fleming (DC Bar No 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
2202 18th Street, NW, #110
Washington, DC 20009-1813
(202) 467-4489
tfleming@wigginschilds.com

*Counsel for Judgment Creditors Fiona Havlish, et al.*

cc: All counsel of record (by ECF)