1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711    JENNER&BLOCK LLP

July 27, 2022

<u>VIA ECF</u>

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN)
      *Havlish et al. v. Bin Laden et al.*, No. 03-cv-9848 (GBD) (SN)
      *John Does 1 through 7 v. the Taliban et al.*, No. 20-mc-740 (GBD) (SN)
      Deadlines for Taliban and DAB to Respond

Dear Judges Daniels and Netburn,

On behalf of Judgment Creditors Fiona Havlish, *et al*. (the "Havlish Creditors") and Judgment Creditors John Does 1 through 7 (the "Doe Creditors), we submit this letter to update the Court on the status of service on the Taliban and Da Afghanistan Bank. As of July 25, 2022, all deadlines for these parties to appear in and respond to the Havlish and Doe turnover proceedings have now passed. That is the case regardless of which of several acts of service the Court deems to have perfected service, and it is the case regardless of whether DAB is treated as an agency or instrumentality of a foreign state and thereby entitled to a sixty-day response deadline under 28 U.S.C. § 1608(d). As a result, the Havlish and Doe Creditors' turnover motions are now ripe for adjudication as the Court sees fit.

**I.    Service of the Havlish and Doe Creditors' Turnover Motions**

The day the Havlish and Doe turnover motions were filed—March 20, 2022—the Havlish and Doe Creditors personally served DAB by serving Dr. Shah Mehrabi, a U.S.-based member of DAB's highest decision-making body, the Supreme Council. *See* Dkts. 7776, 7777; *see also* Dkt. 7784 at 11-13 (explaining why such service was effective on DAB under the Federal Rules of Civil Procedure, New York law, and the Foreign Sovereign Immunities Act ("FSIA")).

The following day, on March 21, 2022, the Havlish and Doe Creditors each requested that the Court authorize alternative service on the Taliban and DAB, proposing to do so by publication, email, and social media. *See* Dkt. 7780 (Doe alternative service motion); Dkt. 7784 (Havlish

alternative service motion).[1] The Havlish Creditors' motion explained that they sought, out of an abundance of caution, to serve the Taliban and DAB in accordance with all potentially applicable rules, including Rule 4 of the Federal Rules of Civil Procedure, Article 52 of the NY CPLR, and—with respect to DAB—FSIA Section 1608(b), which governs service on agencies or instrumentalities of foreign states.[2] (The motion also explained why service of DAB via Dr. Mehrabi conformed with Section 1608(b)(2), to the extent it applies.) While awaiting the Court's ruling, the Doe Creditors served the Taliban (including multiple Taliban officials) and DAB via Twitter, and served DAB by email, which DAB acknowledged on April 3, 2022. *See* Dkts. 7812, 7813, 7819, 7820, 7824, and 7828.

By opinion dated April 5, 2022, Judge Netburn (1) granted the Havlish and Doe Creditors' requests to serve the Taliban by publication; (2) directed them to additionally serve the Taliban by Twitter; and (3) authorized supplemental service on DAB by publication, email, and Twitter. Dkt. 7830.[3] The Court made clear that its opinion "[did] not address DAB's status," and noted that "there is no need to do so because the procedures for supplemental service are, for practical purposes, identical regardless of whether service on DAB must be authorized under the Rule 4 procedures for a foreign entity or the 28 U.S.C. § 1608(b) procedures for service on the instrumentality of a foreign sovereign." *Id*. at 10. In authorizing alternative and supplemental service, the Court found that both the Taliban and DAB already had actual notice of these proceedings, based on their representatives' public comments on the proceedings. *Id*. at 7, 13.

The Havlish and Doe Creditors proceeded to implement the alternative and supplemental service provided for in Judge Netburn's opinion. On April 20, 2021, the Doe Creditors effected Twitter service on the Taliban and DAB, and email service on DAB. Dkt. 7910. On April 24, 2022,

---

[1] To be clear, at issue is not service of process required for a complaint but rather service of the notice required by Article 52 of the N.Y. CPLR.

[2] Although the Havlish Creditors maintain that TRIA preempts the FSIA in all respects relevant to these proceedings, they acknowledged that "they must provide DAB with notice and an opportunity to be heard and that multiple procedures could potentially govern the sufficiency of notice in a TRIA proceeding." Dkt. 7784 at 8-9. They recognized the United States' position that DAB—regardless of whether it is an agency or instrumentality of *the Taliban*—arguably remains, as the Afghan central bank, "an agency or instrumentality of the State of Afghanistan" under the FSIA and that, as a consequence, the parties should consider providing notice using procedures contained in Section 1608, even while maintaining that TRIA controls. *See* Dkt. 7661 at 21, 25 n.8. Without conceding that the United States is correct, the Havlish and Doe Creditors have, as the Court recognized, provided notice to DAB in various ways that would satisfy Section 1608(b). *See* Dkt. 7830 at 10-13.

[3] The Court also authorized, per the Havlish Creditors' request, personal service on DAB at its offices in Kabul, but noted that "[g]iven the precarious security situation in Afghanistan, personal service on DAB appears neither viable nor advisable." *Id*. at 14. The Court noted that "any failure to achieve personal service on DAB will not negatively affect the validity of service." *Id*. After further investigating avenues for personally serving DAB in Afghanistan, the Havlish and Doe Creditors have refrained from attempting such service for the reasons identified by Judge Netburn.

Page 3

the Havlish Creditors did the same. *See* Dkt. 7904. Then, in conformity with Judge Netburn's order and as provided in CPLR § 316, the Havlish and Doe Creditors jointly served the Taliban and DAB by publication in the *New York Times* (both the U.S. and international editions) and *Al-Quds Al-Arabi.* Dkt. 8059. Notices with links to a website containing the turnover motion papers were published in the U.S. edition of the *New York Times* on April 26, 2022; May 3, 2022; May 10, 2022; and May 17, 2022; in *Al-Quds Al-Arabi* on April 28, 2022; May 4, 2022; May 11, 2022; and May 18, 2022, and in the international edition of the *New York Times* on April 28, 2022; May 5, 2022; May 12, 2022; and May 19, 2022. *Id*. ¶ 11.

## II. All Potentially Applicable Deadlines for the Taliban and DAB to Respond to the Havlish and Doe Motions Have Now Passed

A calculation of the deadlines by which the Taliban and DAB must respond to the turnover motions depends on (1) when service is deemed to be complete; and (2) the amount of time each entity is afforded under the applicable rules. For both the Taliban and DAB, the deadline to respond has now passed even under the latest possible date of completed service, and even with the longest possible deadline to respond.

The Havlish and Doe Creditors served the Taliban in two ways, as directed in Judge Netburn's order. They first effected Twitter service on April 20, 2022 and April 24, 2022. *See* Dkts. 7904, 7910. They then served the Taliban by publication. Dkt. 8059. Per CPLR § 316(c), "[s]ervice by publication is complete on the twenty-eighth day after the day of first publication." The first day of publication was April 26, 2022, making service by publication—and all service on the Taliban—complete no later than May 24, 2022. Calculating the Taliban's response deadline from May 24, 2022, the last date of service among the various means used to serve them, the Taliban had either 21 days to respond under the Federal Rules (Fed. R. Civ. P. 12(a)(1)(A)(i)) or 30 days to respond under the New York state rules (CPLR § 320(a)). Under either regime, the latest possible deadline for the Taliban's appearance would have been in mid-to-late June and has now passed.

The Havlish and Doe Creditors served DAB in multiple ways designed to comport with both federal and state law, as well as with the FSIA to the extent it applies. First, and foremost, effective service was complete on DAB on March 20, 2022, when they personally served Dr. Shah Mehrabi, who is an officer or agent of DAB, in the State of Virginia. *See* Dkt. 7784 at 11-13 (explaining that such service comported with New York law, Rule 4 of the Federal Rules of Civil Procedure, and the FSIA, to the extent those rules apply). Therefore, service on DAB was complete and effective on March 20, 2022. If DAB is not treated as an agency or instrumentality of the State of Afghanistan, its last day to appear would have been either April 11, 2022, under the Federal Rules of Civil Procedure, or April 19, 2022 under New York law.  If DAB is treated as an agency or instrumentality of the State of Afghanistan, its last day to appear would have been May 19, 2022, sixty days after service via Dr. Mehrabi.  *See* 28 U.S.C. § 1608(d).  All those dates have now passed.

Even if the Court were to deem one of the supplemental methods as the effective date of service for purposes of determining when DAB was required to appear, DAB's opportunity to appear in the turnover proceedings has now passed. The Havlish and Doe Creditors supplemented

Page 4

service on Dr. Mehrabi by serving DAB via email and Twitter in April 2022. *See* Dkts. 7904, 7910. Thereafter, the Havlish and Doe Creditors also served DAB by publication. Dkt. 8059. As with service on the Taliban, service by publication, which would have been the last of all possible dates of service, was complete on May 24, 2022, 28 days after the first publication.

If DAB is not treated as an agency or instrumentality of the State of Afghanistan, then, like the Taliban, DAB would have had either 21 days from the completion of service to respond under federal law or 30 days from the completion of service to respond under state law. Under either regime, the latest possible deadline for DAB's appearance would have been in mid-to-late June and has now passed. If, by contrast, DAB is treated as an agency or instrumentality of a foreign sovereign, Section 1608(d) of the FSIA would entitle it to a sixty-day response deadline. In such a scenario, and even if the Court determines that service on DAB was not complete until service by publication was complete on May 24, 2022, the latest possible deadline for DAB to appear would have been July 25, 2022, which has now passed.

Because all potentially applicable deadlines for the Taliban and DAB to appear and respond to the turnover motions have now passed, the Havlish and Doe Creditors' turnover motions are ripe for adjudication as the Court sees fit. The Havlish and Doe Creditors thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Lee Wolosky
Lee Wolosky
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1628
lwolosky@jenner.com

Douglass A. Mitchell *(pro hac vice)*
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6090
dmitchell@jenner.com

*Counsel for Judgment Creditors Fiona Havlish, et al.*

/s/ Orlando do Campo
Orlando do Campo
DO CAMPO & THORNTON, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
(305) 358-6600
od@dandtlaw.com

Page 5

/s/ John Thornton
John Thornton (*pro hac vice)*
DO CAMPO & THORNTON, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
(305) 358-6600
jt@dandtlaw.com

/s/ Daniela Jaramillo
Daniela Jaramillo (*pro hac vice*)
DO CAMPO & THORNTON, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
(305) 358-6600
dj@dandtlaw.com

*Counsel for Judgment Creditors John Does 1-7*

cc: All counsel of record (by ECF)