**SHER TREMONTE LLP**

November 16, 2022

**BY ECF**

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001,* Case No. 03-md-1570 (GBD)(SN)

Dear Judge Daniels:

    We write on behalf of our clients, the *Ashton* Plaintiffs,[1] concerning the Joint Creditors' Objections to Magistrate Judge Netburn's August 26, 2022 Report & Recommendation (ECF No. 8733) and the Joint Creditors' Memorandum of Law in Response to the Notice of Supplemental Authority Submitted by *Amicus Curiae* Naseer Faiq and in Further Support of their Objections to Magistrate Judge Netburn's August 26, 2022 Report & Recommendation (ECF No. 8735) (together, the "Joint Creditors' Objections").

    The *Ashton* Plaintiffs join, in limited respects, the Joint Creditors' Objections. Specifically, for the reasons articulated in the Joint Creditors' Objections, the *Ashton* Plaintiffs concur that (1) the Court possesses subject matter jurisdiction over these turnover proceedings against the FRBNY involving the interpretation and application of TRIA (*see* ECF No. 8733 § IV.B.), (2) applying TRIA does not intrude on the President's recognition power (*see id.* § IV.C.), and (3) there is no "nonconsensual" exception to agency or instrumentality status under TRIA (*see id.* § IV.D.).[2]

    Notwithstanding those points of agreement, the *Ashton* Plaintiffs maintain their objections to the Joint Creditors' claims of entitlement to turnover (*see id.* § IV.A.), as articulated in the *Ashton* Plaintiffs' Memorandum of Law in Opposition to the *Havlish* and *Doe* Creditors' Motions for Partial Turnover of Assets from Garnishee Federal Reserve Bank of New York and in Support of a Motion for Protective Order Pursuant to N.Y. CPLR § 5240 (ECF No. 7894). Further, for the reasons articulated in their August 12, 2022 letter to the Court regarding *Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91 (2d Cir. 2022), the *Ashton* Plaintiffs maintain that each of the Joint Creditors' writs of

---

[1] The *Ashton* Plaintiffs consist of approximately one-third of 9/11 victim families.

[2] Capitalized terms not otherwise defined herein shall be accorded the meanings ascribed to them in the Joint Creditors' Objections.

execution against the DAB Assets is invalid. (ECF No. 8339.) Accordingly, the *Ashton* Plaintiffs also object to the Joint Creditors' alternative argument that, if the Court adopts the Report, the Court should extend the Joint Creditors' writs pending appeal. (ECF No. 8733 at 59-60.)

Lastly, as articulated in multiple letters filed with the Court (*see, e.g.*, ECF Nos. 7962 8423), the *Ashton* Plaintiffs oppose the so-called Framework Agreement—the economic terms of which remain undisclosed (*see* ECF Nos. 8423 (requesting the Court compel the terms' disclosure), 8435 (declining to disclose economic terms))—and the Joint Creditors' characterization of the Framework Agreement as, in any sense, equitable. As the *Ashton* Plaintiffs have consistently advocated, fairness requires a single court to adjudicate all claims to the DAB Assets and, should the Assets be made available to satisfy judgments held by victims of Taliban-enabled terrorism, all such victims should be accorded the opportunity to satisfy their judgments on equitable terms.[3]

Respectfully submitted,

| KREINDLER LLP | SHER TREMONTE LLP |
|---|---|
| */s/ Megan Benett* | */s/ Theresa Trzaskoma* |
| Megan Benett | Theresa Trzaskoma |

---

[3] The *Ashton* Plaintiffs make the above points solely for the purpose of preserving their positions on turnover and the Framework Agreement, and not to provoke further letter writing.