February 21, 2023

VIA ECF

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re Terrorist Attacks on September 11, 2001,* No. 03-md-1570 (GBD) (SN)
*Havlish, et al. v. Bin Laden, et al.*, No. 03-cv-9848 (GBD) (SN)
*John Does 1 through 7 v. the Taliban, et al.*, No. 20-mc-740 (GBD) (SN)
*Federal Insurance Co., et al. v. al Qaida, et al.*, No. 03-cv-6978 (GBD) (SN)
*Smith v. the Islamic Emirate of Afghanistan, et al.*, No. 01-cv-10132 (GBD) (SN)
**Letter Motion For Stay Pending Appeal**

Dear Judge Daniels:

On behalf of Judgment Creditors Fiona Havlish, *et al*. (the "Havlish Creditors"), Judgment Creditors John Does 1 through 7 (the "Doe Creditors"), Judgment Creditors Federal Insurance Co., *et al.* (the "Federal Insurance Creditors"), and Judgment Creditors Estate of Smith, *et al.* (the "Smith Creditors")—collectively, the "Joint Creditors"—we submit this letter in connection with Your Honor's order dated February 21, 2023 ("Order," Dkt. 8866), which adopted, in part, Magistrate Judge Netburn's August 26, 2022 Report & Recommendation and denied the Joint Creditors' turnover motions.

In the Joint Creditors' objections to Judge Netburn's Report & Recommendation, they requested that, in the event the Court were to deny turnover, the Court stay the effect of its order pending appeal. *See* Dkt. 8733 ("Objections") at 59-60; *see also* Dkt. 8805 at 3-4 (response to *amicus* submission of Naseer Faiq). Your Honor's Order did not address that request. The Joint Creditors accordingly submit this letter motion respectfully asking the Court, for the reasons stated in their Objections at 59-60, to issue a stay of its judgment pending appeal to preserve the status quo while the Joint Creditors seek appellate review.

The Joint Creditors maintain that a stay is appropriate in light of the complexity of these proceedings, the substantial arguments offered by the Joint Creditors in support of turnover, the irreparable harm that more than 10,000 members of the 9/11 community would face should restraints on Da Afghanistan Bank's assets be dissolved,[1] and the important public interest in the enforcement of terrorism judgments. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Under similar circumstances, courts in this district have regularly stayed the effect of orders denying turnover to

---

[1] As this Court is aware, plaintiffs in at least two cases outside the MDL continue to pursue the DAB assets*, see Owens v. the Taliban*, No. 22-CV-1949-VEC (S.D.N.Y.); *Bushnell v. Islamic Emirate of Afghanistan*, No. 22-CV-8901-JSR (S.D.N.Y.). A stay will preserve the 9/11 community's ability to recover should the Second Circuit order turnover.

Page 2

protect the rights of the judgment creditors to obtain meaningful appellate review. *See Northern Mariana Islands v. Millard*, 287 F.R.D. 204, 215 (S.D.N.Y. 2012); Memorandum & Order at 22, *Tire Eng'g & Distrib. L.L.C. v. Bank of China Ltd.*, No. 12-CV-9208-ALC (S.D.N.Y. Apr. 12, 2013), ECF. No. 41; *Levin v. Bank of New York*, No. 09-CV-5900 (RPP), 2011 WL 812032, at *22 (S.D.N.Y. Mar. 4, 2011); cf. *Shaheen Sports, Inc. v. Asia Ins. Co.*, No. 11-CV-920 LAP, 2012 WL 919664, at *9 (S.D.N.Y. Mar. 14, 2012). As in *Millard*, where Judge Kaplan encountered difficult issues of first impression in a turnover proceeding, the Court should similarly conclude here that the Joint Creditors' "argument[s] . . . have sufficient force amidst admittedly murky concepts to eventually have a fair chance of success on the merits." 287 F.R.D. at 215.

The Joint Creditors ask that such a stay be deemed effective *nunc pro tunc* as of the date of the Court's order denying turnover. *See Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010). If the Court is not inclined to grant such a stay, the Joint Creditors respectfully request that the Court expeditiously deny this motion so that they may seek appropriate relief from the Court of Appeals. *See* Fed. R. App. P. 8(a)(2)(A)(ii).

We thank the Court for its consideration.

Respectfully submitted,

/s/ Lee Wolosky
Lee Wolosky
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1628
lwolosky@jenner.com

Douglass A. Mitchell *(pro hac vice)*
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6090
dmitchell@jenner.com

*Counsel for Judgment Creditors Fiona Havlish, et al.*

/s/ Orlando do Campo
Orlando do Campo
John Thornton (*pro hac vice)*
Daniela Jaramillo (*pro hac vice*)
DO CAMPO & THORNTON, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
(305) 358-6600
od@dandtlaw.com

Page 3

*Counsel for Judgment Creditors John Does 1-7*

<u>/s/ Sean P. Carter, Esq.</u>
Sean P. Carter, Esq.
Stephen A. Cozen, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2105
scarter1@cozen.com

*Counsel for Judgment Creditors Federal Insurance Co., et al.*

<u>/s/ James Edwin Beasley</u>
James Edwin Beasley
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
(215)-592-1000
jbj@beasleyfirm.com

*Counsel for Judgment Creditors Estate of Smith, et al.*


cc: All counsel of record (by ECF)