**WIGGINS CHILDS PANTAZIS FISHER GOLDFARB PLLC**
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
2202 18th Street, N.W. · # 110 · WASHINGTON, D.C.  20009-1813

Office Direct Dial: 202-467-4489 · Fax: 205-453-4907
Email: TFleming@wigginschilds.com · Internet: www.wigginschilds.com

TIMOTHY B. FLEMING
*OF COUNSEL*

November 25, 2024

<u>VIA ECF</u>

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   ***In re Terrorist Attacks on September 11, 2001***, No. 03-md-1570 (GBD) (SN)
      ***Havlish, et al., v. Bin-Laden, et al.***, No. 03-cv-9848 (GBD) (SN)
      ***Hoglan, et al. v. Iran, et al.***, No. 11-cv-7550 (GBD) (SN)
      <u>Letter Motion for Leave to Issue Additional Restraining Notices</u>

**EXPEDITED CONSIDERATION REQUESTED**

Dear Judges Daniels and Netburn:

Pursuant to CPLR § 5222(c), we write on behalf of the Havlish and Hoglan Creditors to seek the Court's leave to urgently — by no later than December 3, 2024 — serve third-party garnishee Clearstream Banking, S.A. ("Clearstream") with renewed Restraining Notices (or "Notices") as to the $1.68 billion in assets belonging to the Central Bank of Iran *a.k.a.* Bank Markazi ("Markazi Assets") held in Clearstream's accounts. These assets are the subject of a series of turnover proceedings currently pending before Judge Preska, including proceedings to enforce the judgments issued by this Court in the above-captioned actions. *See Havlish v. Clearstream Banking*, No. 16-cv-8075-LAP (S.D.N.Y.) (joint *Havlish-Hoglan* turnover proceeding); *Peterson v. Islamic Republic of Iran*, No. 13-cv-9195-LAP (S.D.N.Y.).[1] Although the Havlish and Hoglan Creditors believe that these assets are currently restrained, including by operation of their April 27, 2020 writs of execution, they seek leave to issue the renewed Notices out of an abundance of

---

[1] Notwithstanding the pendency of turnover proceedings before Judge Preska, this Court is the appropriate forum for this request. *See N. Leasing Sys., Inc. v. Wells Fargo Bank, N.A.*, 27 N.Y.S.3d 361, 363 (Civ. Ct. 2016) ("[J]udgment creditor must seek leave to serve its additional restraining notice pursuant to CPLR section 5222(c) by bringing a motion in the underlying action giving rise to the judgment").

The Honorable George B. Daniels, United States District Judge
The Honorable Sarah Netburn, United States Magistrate Judge
November 25, 2024                                         **EXPEDITED CONSIDERATION REQUESTED**
*Page 2*

caution, to ensure that Clearstream will not frustrate a decade-old enforcement proceeding by transferring the assets in question before the enforcement proceedings against those assets have concluded.

To prevent judgment debtors from dissipating or absconding with assets, New York law authorizes judgment creditors to serve restraining notices on third parties holding assets belonging to the judgment debtor. CPLR § 5222. A third party served with a restraining notice — a "garnishee" — is prohibited by statute from assigning, selling and transferring such property or allowing the judgment debtor to do the same, except by court order. *Id.*; *Aspen Indus. v. Marine Midland Bank*, 52 N.Y.2d 575, 579 (1981); *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 472 (2d Cir. 2018).

The Havlish and Hoglan Creditors previously served restraining notices upon Clearstream with respect to this Court's judgment in the above-captioned matters and with effect upon the same Markazi Assets, including with authorization from Judge Daniels (MDL Dkt. 6129). These notices have since expired, *see* CPLR 5222(b) (restraining notices expire after one year), and "[l]eave of court is required" before these creditors may serve additional Notices requested by way of this letter motion. CPLR § 5222(c).

The Havlish and Hoglan Creditors seek to reaffirm their restraints on the Markazi Assets by serving renewed Notices now to account for two developments in the enforcement proceedings.

First, on November 13, 2024, the Second Circuit decided Clearstream's appeal from Judge Preska's March 2023 turnover order in the *Peterson* case. *Peterson v. Bank Markazi*, No. 15-690-cv, 2024 WL 4758719 (2d Cir. Nov. 13, 2024). Although the Second Circuit upheld key aspects of Judge Preska's order — including that Clearstream was subject to personal jurisdiction in this Court and that the statutory authority for execution on the Markazi Assets was constitutional — it vacated the turnover order and remanded for further proceedings. The Second Circuit's decision makes plain that judgment creditors may ultimately be able to obtain turnover,[2] but its *vacatur* of Judge Preska's March 2023 order injects a degree of uncertainty into the litigation, which the defendants may seek to exploit when the mandate issues (which could be as soon as Wednesday, December 4, 2024). Indeed, Bank Markazi has engaged in persistent efforts to put these assets beyond the reach of judgment creditors. *See* Transcript at 25, *Peterson*, 13-cv-9195-LAP (S.D.N.Y. May 8, 2023), *Peterson* Dkt. 61.

---

[2] While the *Peterson* court vacated Judge Preska's turnover order to allow for reconsideration of Bank Markazi's beneficial interests in the Markazi Assets, it did not prejudge that question. 2024 WL 4758719, at *18. In addition, the *Peterson* court concluded that the Markazi Assets are within the jurisdiction of this district, *id.* at *15 — confirming this Court's ability to restrain their transfer.

The Honorable George B. Daniels, United States District Judge
The Honorable Sarah Netburn, United States Magistrate Judge
November 25, 2024                                    **EXPEDITED CONSIDERATION REQUESTED**
*Page 3*

Second, the Markazi Assets are no longer subject to a previously extant asset freeze order in Luxembourg, leaving them more vulnerable to transfer by Clearstream in this multi-jurisdiction enforcement proceeding.

The issuance and service of these renewed Notices is thus urgent, considering Bank Markazi's historical efforts to slip the legal restraints on their ability to transfer the Markazi Assets beyond the jurisdiction of courts presiding over proceedings to enforce the Havlish and Hoglan Creditors' judgments. Any transfer of the assets by Bank Markazi and Clearstream following the Second Circuit's recent decision would deprive the courts of the ability to adjudicate the pending turnover claims by terror victims who previously served writs of execution and also initiated enforcement proceedings against the approximately $1.7 billion in Iranian assets held at Clearstream.

This Court has previously authorized the issuance of renewed restraining notices over these assets, relying on these same factors. *See* MDL Dkt. 6133 (order authorizing issuance of *Hoglan* restraining notices), 6134 (same as to *Havlish*); *see also* MDL Dkt. 6121 and 6122 at 2-4, 11 (memoranda of law regarding same). The same relief is appropriate now for the same reasons.

To be clear: the Havlish and Hoglan Creditors believe that the Markazi Assets are currently restrained, including by operation of their writs of execution against those assets issued by this Court on April 27, 2020.[3] Nevertheless, they seek leave to serve renewed restraining notices out of an abundance of caution, prior to the issuance of the Second Circuit's mandate in *Peterson*. The issuance of renewed restraining notices will confirm, for the benefit of Clearstream and all parties involved, that the Markazi Assets remain restrained and cannot be secreted out of this Court's jurisdiction.

The Havlish and Hoglan Creditors respectfully ask the Court to grant such leave no later than December 3, 2024 — the day before the Second Circuit's mandate will issue in *Peterson*, absent the filing of any requests for rehearing or for a stay pending the filing of a petition for a writ of certiorari in the Supreme Court. *See* Fed. R. App. P. 41(b), (d)(1). This expedited timeline

---

[3] *See* Order at 2, *Havlish v. Clearstream Banking, S.A.*, No. 16-cv-8075 (S.D.N.Y. Sept. 29, 2020), Dkt. 58 (details of *Havlish* and *Hoglan* writs). Pursuant to CPLR § 5232(a), the service of those writs as to the Markazi Assets restrain the assets. *See Deary v. Guardian Loan Co.*, 534 F. Supp. 1178, 1182 (S.D.N.Y. 1982) (garnishee is "forbidden from otherwise transferring or interfering with the property" after being served with a copy of the execution). While such levies and their associated restraints are generally void after 90 days, the restraint persists where, as here, "a proceeding under sections 5225 or 5227 has been brought." § 5232(a); *see generally* No. 16-cv-8075 (ongoing *Havlish-Hoglan* section 5225 proceeding).

The Honorable George B. Daniels, United States District Judge
The Honorable Sarah Netburn, United States Magistrate Judge
November 25, 2024                           **EXPEDITED CONSIDERATION REQUESTED**
*Page 4*

is necessary to ensure that these confirmatory Restraining Notices can be served before the *vacatur* of the Peterson Plaintiffs' turnover order takes effect.

    Respectfully submitted,

*/s/ Timothy B. Fleming*

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
2202 18th Street, NW, #110
Washington, D.C.  20009-1813
Washington, D.C.  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL   35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
3905 Vincennes Road #303
Indianapolis, IN  46268
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

Douglass A. Mitchell
JENNER & BLOCK, LLP

The Honorable George B. Daniels, United States District Judge
The Honorable Sarah Netburn, United States Magistrate Judge
November 25, 2024                    **EXPEDITED CONSIDERATION REQUESTED**
*Page 5*

                                         1099 New York Avenue, NW
                                         Suite 900
                                         Washington, DC 20001-4412
                                         (202) 639-6090

                                         *Counsel for the* Havlish *and* Hoglan *Plaintiffs*

cc: All counsel of record (by ECF)