UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
*Burlingame, et al. v. Bin Laden, et al*. No. 02-cv-07230 (GBD)(SN)
*Bauer, et al. v. Al Qaeda Islamic Army, et al*. No. 02-cv-07236 (GBD)(SN)

*Havlish, et al. v. Bin Laden, et al.*, No. 03-cv-9848 (GBD)(SN)
*John Does 1 Through 7 v. The Taliban, et al.*, No. 20-mc-0740 (GBD)(SN)
*Fed Ins. Co., et al. v. Al Qaida, et al.*, No. 03-cv-6978 (GBD)(SN)
*Smith v. The Islamic Emirate of Afghanistan, et al.*, No. 01-cv-10132 (GBD)(SN)

### *Ashton* Plaintiffs' Reply in Support of their Motion to Authorize Alternative Service of Partial Final Judgments Against The Taliban and DAB on Behalf of U.S. Nationals

The *Ashton* Plaintiffs' respectfully submit this Reply to the *Havlish, Doe, Smith* and *Federal Creditors* (collectively, the "*Joint Creditors*") "opposition" to the *Ashton* Plaintiffs' motion for an Order to Authorize Alternative Service of the partial final judgments against the Taliban and Da Afghanistan Bank ("DAB") on behalf of U.S. Nationals representing the estates of those individuals murdered on September 11, 2001, filed January 9, 2025 (ECF No. 10660).

As an initial matter, the *Joint Creditors* lack standing to file an opposition to the Ashton Plaintiffs' motion as they have no case in controversy with regard to the service of a defendant in the In re Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD)(SN) litigation by another Plaintiffs' group in the MDL.  It is a naked attempt to prevent other plaintiffs in the action from proceeding with their claims against the Taliban in order to secure assets only for the *Joint Creditors* to the detriment of the *Ashton* Plaintiffs and all other Taliban judgment-holders.

The *Joint Creditors* all but acknowledge that the *Ashton* Plaintiffs are entitled to request

an alternate method for service in stating that "[t]he *Joint Creditors* take no position concerning the *Ashton* Plaintiffs' request to notify the Taliban and DAB that default judgments have been entered against the Taliban," ECF No. 10660 at 3, demonstrating that their concerns are simply about preventing other judgment-holders from seeking to proceed with enforcement of their judgments. This should be the end of the Court's consideration of the *Joint Creditors* "opposition."

The *Joint Creditors*, in a bald effort to slow the *Ashton* Plaintiffs' service and potential enforcement, claim they only want to point out a legal infirmity in the *Ashton* motion. But that purported infirmity solely pertains to the anticipated next stage related to the Taliban on a turnover motion. Thus far, however, *Ashton* has not moved for execution or a turnover of the DAB assets located at the New York Federal Reserve Bank ("NYFRB"). Serving the Taliban with notice of the *Ashton* partial final judgments is a pre-requisite before a turnover motion can be filed. The Court is not divested of jurisdiction over the *Ashton* Plaintiffs or the Taliban in the ongoing MDL, except with regard to the *Joint Creditors*' motion for turnover of the DAB assets at the NYFRB, which this Court denied and which is currently pending on appeal. The *Ashton* Plaintiffs' participation in that appeal (as with other Plaintiffs who joined the appeal) would only divest this Court of jurisdiction over the question of the availability of the DAB assets to satisfy Taliban judgments, not on the claims against the Taliban themselves.

The *Ashton* motion that provides notice of the partial final judgments and further notice that those Plaintiffs may later move for a turnover of Taliban assets simply informs the Defendant Taliban about the status of the litigation. This is not, nor is it intended to be, the

requisite notice of any actual *Ashton* turnover motion under the NY CPLR or federal statutes.[1] Any such turnover motion would only be permitted after a remand from the Second Circuit, or if *other* Taliban assets were located elsewhere and execution and turnover was to be sought on those additional assets. In any event, a turnover motion would need to be filed and served on the Taliban at that time.

In short, the proposed Notice to be served by alternative means complies with the prerequisite that the Taliban be served with notice of the partial final judgments in the *Ashton* case, and any turnover or special proceeding concerning the assets held by DAB at NYFRB would be separately served on the Taliban and the NYFRB or other asset-holders.

For all of the reasons set forth in this Reply and the *Ashton* Plaintiffs original motion of December 12, 2024(ECF No. 10626), the *Ashton* Plaintiffs respectfully request authorization to use the alternative methods of service described above to serve the Taliban and DAB with the notice of the partial final judgments against the Taliban on behalf of U.S. Nationals

Dated: January 15, 2025
New York, NY

      /s/ Andrew J. Maloney, III
      Andrew J. Maloney, III

---

[1] The *Joint Creditors* seem to be concerned primarily that the proposed order would authorize alternative service on DAB as well as the Taliban. The Court can strike any portion of the proposed order or amend it to remove service on DAB in items C and D of the proposed order for now, though this provides less information to interested parties.
But the only reason not to grant the requested relief is to cause delay in the *Ashton* Plaintiffs' judgment enforcement proceedings.