UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE TERRORIST ATTACKS                   :
ON SEPTEMBER 11, 2001                     :
                                          :       03 MDL 1570 (GBD)(SN)
                                          :
                                          :
------------------------------------------------------------------x

This Document Relates to
*Havlish v. bin Laden*,
03 Civ. 9848 (GBD)(FM)

### [*PROPOSED*] ORDER UNDER 28 U.S.C. § 1610(c) AUTHORIZING ENFORCEMENT OF JUDGMENT

AND NOW, upon consideration of the unopposed Plaintiffs' Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) on some or all of approximately 127,271 Bitcoin currently held by the U.S. Government, and all proceeds traceable thereto (the "Bitcoin Assets"), and Plaintiffs' Memorandum in Support thereof, it is hereby ORDERED and DECREED that:

1.  That, on October 12, 2012, the Court entered a final judgment ("Final Judgment") in favor of the *Havlish* Plaintiffs and against the Defendants Islamic Republic of Iran, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi Rafsanjani, Iranian Ministry of Information and Security, Islamic Revolutionary Guard Corps, Iranian Ministry of Petroleum, Iranian Ministry of Economic Affairs and Finance, Iranian Ministry of Commerce, Iranian Ministry of Defense and Armed Forces Logistics, Central Bank of Iran, *a.k.a.*, Bank Markazi, National Iranian Petrochemical Company, National Iranian Oil Company, National Iranian Tanker Company, National Iranian Gas Company, Iran Air, and Hezbollah (collectively, the "Judgment Debtor Defendants");

2.  That, on September 12, 2013, this Court previously determined that:

   (a) the *Havlish* Plaintiffs had validly and properly served the Final Judgment on each Judgment Debtor Defendant in conformity with the requirements of 28 U.S.C. § 1608(e);

   (b) a reasonable period of time had elapsed since entry of the Final Judgment and since service of the Final Judgment on the Judgment Debtor Defendants; and

   (c) the *Havlish* Plaintiffs were authorized to begin enforcing the Final Judgment against assets belonging to the Judgment Debtor Defendants pursuant to 28 U.S.C. § 1610(c) by this Court's Order dated September 12, 2013 (*Havlish* Doc. No. 393, MDL Doc. No. 2778) ("September 12, 2013 Order");

  3. That, since entry of the September 12, 2013 Order, the *Havlish* Plaintiffs have been attempting to enforce the Final Judgment against assets belonging to the Judgment Debtor Defendants and Judgment Debtor Defendants have been opposing such enforcement efforts;

  4. That the *Havlish* Plaintiffs have previously been granted a general order permitting attachment and execution pursuant to 28 U.S.C. § 1610(c). See September 12, 2013 Order;

  5. That the *Havlish* Plaintiffs have also previously been granted a specific order by this Court permitting attachment and execution pursuant to 28 U.S.C. § 1610(c) on assets held by Clearstream through its office in this district. In April of 2020, the *Havlish* Plaintiffs moved for and were granted an Order to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) regarding assets held by Clearstream. (Order dated April 7, 2020; *Havlish* Doc. No. 504; MDL Doc. No. 6134);

  6. That, as of the date of the filing of this Motion for an additional order authorizing Plaintiffs to enforce the Final Judgment against specific assets belonging to the Judgment Debtor Defendants, more than thirteen (13) years have passed since the date of service without payment

of the Final Judgment by the Judgment Debtors and more than twelve (12) years have passed this Court granted a previous motion authorizing them to enforce the Final Judgment;

7.   That the *Havlish* Plaintiffs have an opportunity to enforce the Final Judgment against the Bitcoin Assets currently held by the U.S. Government, and all proceeds traceable thereto;

8.   That the *Havlish* Plaintiffs now seek Court approval to attach and execute and execute on the Bitcoin Assets that were property of the Iran and China Investment Development Group ("Iran-China Group").  The Iran-China Group, doing business on the blockchain as "Lubian.com" or "LuBian," is an agency or instrumentality of Iran that has materially supported that country's efforts to evade Western sanctions by mining cryptocurrency in Iran.  Through this scheme, Iran converts sanctioned Iranian oil and gas into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.  LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. Sanctions;

9.   That, under the Terrorism Risk Insurance Act ("TRIA"), the *Havlish* Plaintiffs have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group; and,

10.   That, in accordance with the provisions of 28 U.S.C. § 1610(c), a reasonable period of time has elapsed following the entry of the Final Judgment against the Judgment Debtor Defendants and the giving of notice by service of the Final Judgment upon each of them in accordance with 28 U.S.C. § 1608(e).

11.   Accordingly, the *Havlish* Plaintiffs hereby seek to assert their superior interest in Bitcoin Assets, or at least so much as may ultimately be necessary to satisfy the outstanding

compensatory damages, plus post-judgment interest, on their judgments, which TRIA makes senior to any interest that the government or other claimants could assert.

**THEREFORE,**

***IT IS ORDERED*** that the *Havlish* Plaintiffs' Motion for Order Under 28 U.S.C. § 1610(c) Authorizing Enforcement of Judgment is GRANTED, and,

***IT IS FURTHER ORDERED*** that the *Havlish* Plaintiffs are authorized pursuant to 28 U.S.C. § 1610(c) to enforce the Final Judgment by any lawful means, including attachment of, and execution against, the Bitcoin Assets.

**SO ORDERED:**

Date: _____   _____
    New York, New York   GEORGE B. DANIELS
                                        UNITED STATES DISTRICT JUDGE