**WIGGINS CHILDS**
**PANTAZIS FISHER**
**GOLDFARB**
Advocates & Litigators

Dennis G. Pantazis
*Attorney at Law*
T (205) 314–0531
dgp@wigginschilds.com

January 23, 2026

**VIA ECF**

| | |
|---|---|
| The Honorable George B. Daniels | The Honorable Sarah Netburn |
| United States Judge | United States Magistrate Judge |
| United States District Court | United States District Court |
| Southern District of New York | Southern District of New York |
| Daniel Patrick Moynihan U. S. Courthouse | Thurgood Marshall U. S. Courthouse |
| 500 Pearl Street | 400 Foley Square |
| New York, New York 10007 | New York, New York 10007 |

Re: *In re Terrorist Attacks on September 11, 2001* (03 MDL 1570 (GBD)(SN))

Dear Judge Daniels and Judge Netburn:

On behalf of the Havlish Plaintiffs, the Hoglan Plaintiffs, the Ray Plaintiffs, and the Maher Plaintiffs (collectively, the "Havlish Plaintiffs"), we write in response to the January 21, 2026 letter (MDL ECF #11476) from counsel for the Ashton Plaintiffs, the Burnett Plaintiffs, the O'Neill Plaintiffs, and the Burlingame Plaintiffs (collectively, the "Ashton Plaintiffs") and the letter from Mr. John Schutty (MDL ECF #11477) concerning the Havlish Plaintiffs' pending motions (except for the Maher motion, which has not yet been, but soon will be, filed) for orders required by 28 U.S.C. § 1610(c). The Havlish Plaintiffs have requested the Section 1610(c) orders so they can, in compliance with Second Circuit law, commence enforcement proceedings against approximately $11 billion in Bitcoin ("Bitcoin Assets") that are already subject to separate forfeiture and turnover proceedings in the Eastern District of New York.

Fundamentally, the Havlish Plaintiffs have no issue with all 9/11 victims with valid judgments, who are not fully satisfied, attempting to collect and turnover assets available to them anywhere in the world, including the Bitcoin Assets at issue in the Eastern District of New York. Indeed, in creating the USVSST Fund, Congress expressly provided that plaintiffs whose judgments are not fully satisfied by distributions from the Fund retain the right to satisfy their judgments through other mechanisms. *See* U.S.C. § 20144(d)(5)(B).

However, any attempt to delay a valid request for a 1610(c) Order without standing to do so is misguided and is contrary to the Court's obligation to issue a 1610(c) Order once all underlying prerequisites have been met. A 1610(c) Order serves to determine that (a) "any notice required under section 1608(e) has been given" and that (b) "a reasonable period of time has elapsed following entry of judgment." *Eurofinsa, S.A. v. Gabonese Republic*, 2025 U.S. Dist. LEXIS 110937, *3 (internal citations omitted). Thus, the only inquiry for the Court to properly address here is whether the Havlish Plaintiffs have met the prerequisites to issue a 1610(c) Order; they undoubtedly have done so, especially since this Court has, twice

January 23, 2026
Page 2

before, issued 1610(c) orders for other assets.  *See* MDL Doc. Nos. 11458-11460; Doc. Nos. 11461-11463; and Doc. Nos. 11465-11467.

Currently, many plaintiff groups (including non 9/11 victims) with more than $9 billion in compensatory damages have already been at the courthouse in the Eastern District of New York for more than a month, seeking turnover of the Bitcoin Assets.  Further delay of the Havlish Plaintiffs' request for issuance of a 1610(c) Order (and any other plaintiffs in this MDL who have made similar requests) only serves to deny 9/11 victims the ability to participate in the turnover procedures already pending in the Eastern District courthouse.

Opposition to a 1610(c) Order for Havlish is particularly unfair because some Havlish judgment holders are, in fact, prohibited by the terms of the USVSST Fund statute itself from participating in the USVSST Fund, and indeed are the only 9/11 victims to be so prohibited.

Judgment enforcement is not a group activity.  It is not done by committee.  The Havlish Plaintiffs welcome the Ashton Plaintiffs (and others) to file claims in the Bitcoin Assets forfeiture case and to participate in turnover proceedings seeking to execute against those assets.  But any further delay as to pending 1610(c) requests simply serves to deny 9/11 victims the ability to participate in valid collection proceedings.

The Havlish Plaintiffs, therefore, ask the Court to enter their Section 1610(c) Orders so they can promptly join the pending enforcement proceedings against the Bitcoin Assets, enforcement proceedings that have been underway for a month.

Sincerely,

*/s/ Dennis Pantazis*

Dennis G. Pantazis
*Counsel to the Havlish, Hoglan, Ray,
and Maher Plaintiffs*

DGP/tbt