**WIGGINS CHILDS**
**PANTAZIS FISHER**
**GOLDFARB** PLLC
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
2202 18th Street, N.W. · # 110 · WASHINGTON, D.C.  20009−1813

Office Direct Dial: 202−467−4489 · Fax: 205−453−4907
Email: TFleming@wigginschilds.com · Internet: www.wigginschilds.com

TIMOTHY B. FLEMING
OF COUNSEL

February 20, 2026

*Via ECF*

The Honorable Sarah Netburn
U.S. Magistrate Judge
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Thurgood Marshall U.S. Courthouse
Room 430
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)
      *Havlish, et al. v. Bin-Laden, et al.*, No. 03-cv-9848 (GBD)(SN)
      *Hoglan, et al. v. Iran, et al.*, No 11-cv-7550 (GBD)(SN)

Dear Judge Netburn:

The *Havlish* and *Hoglan* Plaintiffs write separately from the PEC to address the Court's Order of February 13, 2026, at MDL Doc. No. 11730, in regard to certain considerations that apply only to the *Havlish* and *Hoglan* cases that are briefly addressed in the undersigned attorney's declaration appended to the PEC's submission.  The *Havlish* and *Hoglan* judgments differ from almost all of the other judgments for which plaintiff groups seek AO-451 certification. (*Havlish* appears at page 13, line 230, of the PEC's Consolidated List of Judgments Seeking Certifications; *Hoglan* is not on the List because *Hoglan* possesses a Clerk's Certification already.)  The differences start with the fact that, unlike almost every other judgment listed on the PEC consolidated spreadsheet (*Federal Insurance* and one *Ashton* group being potential exceptions), the *Havlish* and *Hoglan* judgments are already unquestionably final and enforceable, although for somewhat different reasons.

In *Havlish*, all claims by and against all parties have already been fully adjudicated, and final judgment resolving all claims was entered back in 2012, the judgment was served in accordance with the FSIA, no appeal was taken, and the appeal period has long since run.

The *Hoglan* judgment, although punitive damages are still to be decided, was specifically entered with a Rule 54(b), Fed. R. Civ. P., finding: "This is a final, appealable order."  MDL Doc. No. 3905, *Hoglan*, 11-cv-07550 (GBD)(SN) Doc. No. 241, entered February 26, 2018.

*Havlish* and *Hoglan* are also among the very few judgments (again, *Federal Insurance* excepted) on the PEC's consolidated spreadsheet for which AO-451 certifications have previously been issued and for which Section 1610(c) orders have been entered previously.

The Honorable Sarah Netburn, U.S. Magistrate Judge
*In re Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)*
*February 20, 2026*                                                                                                                Page 2

      For *Havlish*, this Court previously entered Section 1610(c) orders on September 12, 2013, at MDL Doc. No. 2778 and on April 7, 2020, at Doc. No. 6134. The Clerk issued one AO-451 certification on the Miscellaneous Docket on February 5, 2014, *see* 1:14-mc-00107-APM at Doc. No. 1, and a second on January 13, 2017. Each time, the predicate was a determination that the *Havlish* judgment was final, enforceable, and entitled to registration in other districts.

      The Court made the same determination for *Hoglan*, for which it entered a partial final judgment pursuant to Rule 54(b), thereby entitling the *Hoglan* Plaintiffs to enforce those judgments. It reaffirmed that determination when it entered Section 1610(c) orders for *Hoglan* on March 19, 2020, at MDL Doc. No. 6092, and on April 7, 2020, MDL Doc. No. 6129, and when it issued AO-451 certifications for *Hoglan* on April 18, 2020, per the Plaintiffs' application at Doc. No. 6145, and on March 26, 2024, MDL Doc No. 9662. No other death and personal injury judgments on the PEC's consolidated spreadsheet have been as thoroughly reviewed and determined to be final and enforceable.

      Therefore, given their previously determined status as final, enforceable, and registrable judgments, the pending *Havlish* and *Hoglan* motions for Section 1610(c) orders and the *Havlish* application for AO-451 certification are immediately grantable, regardless of any considerations relating to the applications and motions of the other judgments listed on the PEC's consolidated list submitted today. As mentioned above, the *Hoglan* Plaintiffs do not need a new AO-451 because they still have an original AO-451 issued in March 2024.

      The need for prompt receipt of the Section 1610(c) orders and, for *Havlish*, AO-451 certification, becomes clearer with each passing day.

      First, when the *Havlish* and *Hoglan* Plaintiffs filed their most recent motions for Section 1610(c) orders on January 16, 2026, at MDL Doc. No. 14158, and on January 19, 2026, at MDL Doc. No. 11461, those motions revealed that approximately $11 billion in Bitcoin assets were subject to forfeiture and turnover proceedings in the Eastern District of New York and that the *Havlish* and *Hoglan* Plaintiffs were preparing to pursue them.

      Second, when *Havlish* and *Hoglan* previously sought Section 1610(c) orders, the Court granted them quickly. Consideration of their current Section 1610(c) motions have, however, remained pending already for 30 days. During that time, many other terror victims have been actively pursuing claims against the Bitcoin assets.

      Third, only days after the *Havlish* and *Hoglan* Plaintiffs filed their Section 1610(c) motions, the *O'Neill*, *Burnett*, and *Ashton* Plaintiffs took their first action concerning the Bitcoin Assets at Doc. No. 11476. That first act was a joint letter asking the Court to delay consideration of the *Havlish* and *Hoglan* Section 1610(c) motions in order to avoid a "race to the courthouse."

The Honorable Sarah Netburn, U.S. Magistrate Judge
*In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
*February 20, 2026*                                                                                                        *Page 3*

In response to that letter, the Court invited the United States to submit a statement of interest addressing the Section 1610(c) motions. That statement of interest is now due on February 23, 2026.

Fourth, after asking the Court to delay consideration of the *Havlish* Plaintiffs' and *Hoglan* Plaintiffs' Section 1610(c) motions, the *O'Neill*, *Burnett*, and *Ashton* Plaintiffs began filing AO-451 applications so they could register their judgments in the EDNY. Since the *Havlish* and *Hoglan* judgment holders filed Section 1610(c) motions, those groups and others have filed approximately 200 such requests, causing this Court to stay their issuance at Doc. No. 11485 on January 28, 2026, and directing the PEC to submit a spreadsheet detailing certain information regarding each request, to be filed on February 20, 2026. MDL Doc. No. 11730.

Fifth, the *O'Neill*, *Burnett*, *Ashton* Plaintiffs, and others, have now filed motions to intervene in the TRIA action pending in the EDNY. *See* 1:25-cv-7093 at Doc. Nos. 92 and 93. They seek to intervene in the EDNY judgment enforcement proceedings even though (1) they sought to avoid a "race to the courthouse," (2) issues affecting the finality of their judgments remain unresolved, (3) they have not received any orders from this Court pursuant to Section 1610(c) permitting attachment and execution, and (4) they do not have the AO-451 certifications they have requested with such a flurry.

Given these facts, the *Havlish* and *Hoglan* Plaintiffs' pending motions for Section 1610(c) orders are immediately grantable regardless of any considerations that may affect the others' entitlement to same. This would enable the *Havlish* and *Hoglan* Plaintiffs to file their TRIA complaint and pursue the Bitcoin assets in the EDNY. Indeed, had their Section 1610(c) motions been considered in the ordinary course, the *Havlish* and *Hoglan* Plaintiffs would have filed a TRIA complaint in the EDNY in January, more than three weeks ago. They should be permitted to do so now.

                                              Sincerely,

                                              */s/ Timothy B. Fleming*

                                              Timothy B. Fleming
                                              One of the Counsel for the
                                              *Havlish* and *Hoglan* Judgment Holders