# Mitchell Allyn Ltd.

+1 702-350-1208  |  dmitchell@mitchellallyn.com

June 24, 2026

The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
for the Southern District of New York
Thurgood Marshall United States Courthouse,
400 Foley Square
New York, NY 10007

> Re:  *In re Terrorist Attacks on September 11, 2001*, 03 MDL
>      1570 (GBD)(SN)
>
>      Motion for 1610(c) Orders re the Tether Assets filed in:
>
>      *Havlish v. Bin-Laden*, No. 03-cv-09848
>      *Hoglan v. Islamic Republic of Iran*, No. 11-cv-07550
>      *Bauer v. Al Qaeda Islamic Army*, No. 02-cv-07236
>      *Parker v. Islamic Republic of Iran*, No. 18-cv-11416
>      *Ray v. Islamic Republic of Iran*, No. 19-cv-00012
>      *Maher v. Islamic Republic of Iran*, No. 20-cv-00266

Dear Magistrate Judge Netburn:

We write in response to your June 18, 2026 Order (ECF No. 12140) ("Order") asking us to confirm whether, in its Bitcoin O&O (ECF No. 11973), the Court "reviewed the notice and timing requirements of § 1610(c) for *all* judgments and Plaintiffs referenced in the Havlish Plaintiffs' pending motion related to the Tether Assets. See ECF Nos. 12105, 12106." Order, dated June 18, 2026 (ECF No. 12140).

On behalf of each of the above-identified Plaintiff Groups, and in compliance with the Order, I confirm that, in connection with the Bitcoin O&O, the Court, did, in fact review, the notice and timing requirements of § 1610(c) for all judgments and Plaintiffs referenced in the pending motion for authorization to commence enforcement proceedings against the Tether Assets. (ECF No. 12105 and 12106).  The table accompanying this letter was derived from the Appendix to the Bitcoin O&O (ECF 11973 at 22-24) and identifies (1) each Plaintiff Group that is seeking a Section 1610(c) order in ECF No. 12105 and 12106 relating to the Tether Assets; (2) the date and ECF No of the Bitcoin Section 1610(c) motion; (3) the individual case number, date of judgment, and ECF No. for each of the underlying judgments; (4) the judgment debtors for each judgment; and (5) the FSIA method of serving the judgment papers, the ECF No. for the documentation supporting the fact that the judgments were served on the relevant judgment debtors in conformity with the FSIA, and the date service was made.

Magistrate Judge Sarah Netburn
June 24, 2026
Page 2


After reviewing the papers supporting the Havlish Plaintiffs' requests for a Section 1610(c) order relating to the Bitcoin Assets, the Court held the *Havlish*, *Hoglan*, *Ray*, *Maher*, *Bauer*, and *Parker* Plaintiffs properly served Iran in accordance with § 1608. Bitcoin O&O at pp. 11-12 (citing to *Havlish* 1610(c) Motion at ECF 11459; *Hoglan* 1610(c) Motion at ECF 11462; *Ray* 1610(c) Motion at ECF 11466; *Bauer* Motion at 11677; and, *Parker* Motion at 11680). The Court also held that "a reasonable period of time has elapsed for all the Iran judgments." *Id.* at 16. Accordingly, the Court found each of the Havlish Plaintiffs' had satisfied the requirements of Section 1610(c) and were, therefore authorized to commence enforcement proceedings. Those same facts support the Havlish Plaintiffs' current request for authorization to commence enforcement proceedings against the Tether Assets.

I further confirm that the plaintiffs and judgments for which the Havlish Plaintiffs are now seeking Section 1610(c) orders concerning the Tether Assets are the same plaintiffs and judgments for which the Court previously issued Section 1610(c) orders concerning the Bitcoin Assets. See Bitcoin O&O at ECF 11973 and its Appendix. The pending Tether motions for a Section 1610(c) order do not include any other plaintiff or judgment.

Sincerely,

Douglass A. Mitchell